Bethune *vs.* Bonner.

No. 24.—John M. Bethune, plaintiff in error *vs.* Seymour R. Bonner, defendant in error.

[1.] A rule against a Sheriff to pay over money is not sufficiently certain, unless it state the court in which the judgment and execution, claiming the money, was had.

Rule against Sheriff. From Muscogee Superior Court. Tried before Judge Alexander. November Term, 1846.

For the grounds of error, &c. see the opinion of the Supreme Court.

Johnson & Williams, for the plaintiff in error.

Sturgis, for defendant in error.

*By the Court*—Nisbet, J. delivering the opinion.·

In this case, the Sheriff of Muscogee appears to have been called on to answer to the following rule, to wit: "It appearing to the Court that the Sheriff has had the above *fi. fa.* (having previously stated the parties to the *fi. fa.*) sufficient time to have raised the money thereon, whereupon it is ordered by the Court that he bring into court the *fi. fa.* with his actings and doings thereon, and show cause why he should not pay over to Seymour R. Bonner, the plaintiff's assignee, the principal, interest, and costs due thereon."

Upon service and return of which, a motion being made for judgment absolute, the Sheriff objected to the same upon several grounds, among which was this; *that he was not bound to answer to the rule, because of its uncertainty.* The objection was overruled and the Sheriff ordered to answer, which he did. We do not find it necessary to give an opinion upon but one of the assignments of error, for the reason that one error will send the case back, and the decision made at this term in the case of Walter T. Colquitt *vs.* Seymour R. Bonner, will ultimately control this also.

The error charged upon the Court is, that it did not sus- [1.] tain the defendant's objection to a judgment absolute on the rule, for uncertainty; it is insisted in the argument that the rule contains no sufficient allegations upon which to enable the Court to found a judgment; "that the only fact stated is that the Sheriff 'has had the *fi. fa.* sufficient time to have raised the money thereon;'

that in this proceeding, as in all other pleadings, the party plaintiff or moveant, must allege all the circumstances and facts necessary to the support of his action. Particularly, (it is said by counsel for the plaintiff in error,) must the rule show jurisdiction over the subject-matter in the court before which it is filed; that the Court below has no jurisdiction over executions issuing from and returnable to another court; that at least the rule should have shown from what court the execution issued." In our judgment the reasoning is sound, and supported by authority, and on this ground we are compelled to reverse the judgment of the Circuit Court.

"The declaration must allege all the circumstances necessary for the support of the action, and contain a full, regular, and methodical statement of the injury which the plaintiff has sustained, with the time and place, and other circumstances, with such precision, certainty, and clearness, that the defendant, knowing what he is called upon to answer, may be enabled to plead a direct and unequivocal plea; and that the jury may be enabled to give a complete verdict upon the issue; and that the court, *consistently with the rules of law, may give a certain and distinct judgment upon the premises.*" 1 *Chitty Plead.* 256; *Cowp.* 682; 6 *East,* 422; 5 *T. R.* 623. In a rule against the Sheriff we do not hold the technical nicety necessary which Mr. Chitty, in the above extract, requires. It is well understood that in England the old rules of pleading have been greatly relaxed; our own statute intended to simplify and relax them, whilst at the same time it intended to require a plain, full, and distinct statement of all the facts and circumstances, necessary to bring the parties' rights before the adverse party and the court. Yet this extract contains the best general rule as to what is necessary in setting forth the plaintiff's cause of action. In all cases, we believe the pleadings should be so distinct as to make every material allegation issuable; and so specific as to enable the Court, " consistently with the rules of law," to give a certain judgment. Is this the case in the cause before us? The Court below could not distribute money at the instance of a plaintiff whose execution issued from some other court: the rule should have stated the court wherein the judgment was had, and from which the plaintiff's execution issued. A judgment absolute on a rule against the Sheriff, if rendered at the instance of a plaintiff holding a judgment from another court, would not be certain, could not be rendered according to law, and could be set aside upon motion. Our judgment is, therefore, that the demurrer to the rule *nisi* was well taken, and ought to have been sustained.