## RAY *v.* FLEETWOOD.

In the trial of a suit where the defendant admits an indebtedness to the plaintiff, but claims that the amount of such indebtedness has been, by agreement with the plaintiff and a third person, paid over to such third person, the record in a suit by the plaintiff against such third person upon an account embracing numerous items running through a number of years, to which was filed a plea of set-off upon an account of similar nature, and which was tried before the alleged agreement was entered into and resulted in a judgment in favor of such third person for a balance due, while not conclusive evidence that all matters of account between the parties were settled in such suit, is admissible in evidence as a circumstance tending to establish that such is the fact, but it is subject to explanation.

Argued November 18, — Decided December 17, 1898.

Complaint. Before Judge Smith. Telfair superior court. July 5, 1898.

*D. C. McLennan,* for plaintiff.   *Eason & McRae,* for defendant.

COBB, J.   Ray sued Fleetwood upon an account, as follows: "1896, Feb. 6.   To one half-interest in one scab raft of pine timber, consisting of 60 pieces in Ocmulgee river, in Coffee county, $92.   1896, Feb. 10.   By cash, $22.50.   Balance due, $69.50."   From the evidence at the trial it appeared that the sixty pieces of timber mentioned in the account were furnished to the plaintiff by Mrs. Mary E. Girtman, under an agreement that he was to cut and haul the timber, raft it to Darien and sell it, and they were then to divide the proceeds equally.   The defendant agreed with the plaintiff to buy the plaintiff's half-interest in the timber for $92, provided he could buy the other half-interest from Mrs. Girtman.   Mrs. Girtman sold the defendant her half-interest, and the plaintiff delivered the timber to him.   The transaction occurred about February 1, 1897.   The defendant subsequently paid plaintiff the $22.50 credited on the account sued on, but paid the balance of the $92 to Mrs. Girtman.   According to the defendant's evidence, the plaintiff authorized him to pay this money to her.   Mrs. Girtman testified that the plaintiff owed her husband's estate, of which she was administratrix, $100, or over, and she let him cut the timber to pay what he owed the estate, agreeing to divide the proceeds with him as above stated; and when the defendant came to her with the plaintiff to buy her interest in the timber, the plaintiff agreed for the defendant to pay her, on the account he owed the estate, the money coming to him for his interest in the timber, except about $20, which the defendant was to pay him.   She and plaintiff had a lawsuit in a justice's court, some time after the "timber transaction."   He sued her as administratrix of her husband's estate, and the case was disposed of some time in May, 1897.   The plaintiff, in his testimony, denied that he had agreed that the money should be paid to her.   He testified that, at the time of the sale of the timber to the defendant, she claimed that he (plaintiff) had made an account in her name with Cook & Co., and she wanted the defendant to hold up the money coming to the plaintiff until that account was settled; that he (plaintiff) denied that he had made such an account, but agreed that the defendant should hold up the

money, except $22.50, until he could satisfy her that he had made no such account; and they were to meet at her house at a specified time after the sale of the timber by the defendant. The defendant did not meet him, as agreed, but paid the money to Mrs. Girtman without his consent. The trial resulted in a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and the movant excepted.

Error is assigned, in the motion for a new trial, upon the refusal of the court to admit in evidence a certified copy of the record of a certain case in the justice's court between plaintiff and Mrs. Girtman; the evidence being offered for the purpose of showing that he was not indebted to her for the timber involved in the present litigation, and that she did not hold any demand against him for the timber; and for the additional purpose of impeaching her testimony. The paper referred to was attached to the motion for a new trial, and was the record of a suit brought on April 16, 1897, by the present plaintiff against Mrs. Girtman, as administratrix, upon an open account containing numerous items bearing dates from June 1, 1890, to August, 1895, with a credit of $35, leaving the net amount claimed to be due, $100. No item in this account seems to have any relation to the timber transaction involved in the present suit. To this suit Mrs. Girtman filed a plea of set-off upon an account containing the following items:

| | |
|---|---:|
| To one note, paid as per contract, made for the purchase of one sewing-machine........................... | $52.00 |
| To 400 bundles of fodder, 800 lbs. at $1.00........ | 8.00 |
| To 250 bundles of fodder, 500 lbs. at $1.00........ | 5.00 |
| To 46 lbs. bacon at 10c................................. | 4.60 |
| To 4 1/2 lbs. lard at 10c................................. | 45 |
| To 12 bus. of corn at 75c.............................. | 9.00 |
| To 3 pks. peas at $2.25................................. | 1.68 |
| To 1/2 bu. seed potatoes at 50c....................... | 25 |
| To 18 sticks of timber at $1.00........................ | 28.00 |
| To one promissory note, payable to Warren Girtman or bearer, dated and due; due and payable in 1894 & 1895 | 32.70 |
| | 111.78 |
| For guano................................................. | 3.00 |
| | $114.78 |

On May 19, 1897, this case was tried and resulted in a judg-ment in favor of Mrs. Girtman against Ray for $9.85.

We think this evidence should have been admitted. The evidence in the present case was sharply conflicting on the con-trolling issue, that is, whether Ray had ever authorized Fleet-wood to pay to Mrs. Girtman the balance due him for his one-half interest in the raft of timber. The contention of Ray was that he did not give the authority, and his reason for the same was that he did not owe Mrs. Girtman as administratrix any-thing except the amount of the judgment recovered in the suit the record of which was offered in evidence, and that therefore there was no occasion for the arrangement which Fleetwood claimed had been made between Mrs. Girtman, Ray, and him-self. The testimony of Mrs. Girtman was, that Ray owed the estate of her deceased husband a debt of a hundred dollars, or over, and that it was in part payment of this claim that he had authorized Fleetwood to pay over to her the balance due on the purchase-money of the raft of timber. The plea of set-off filed by Mrs. Girtman in the suit in the justice's court sets up a claim against Ray in favor of the estate of her husband of something over $100. If this was the claim referred to in her testimony, the judgment rendered in the suit between her as administra-trix and Ray was a settlement of the matter, and evidence of this settlement would be a strong circumstance tending to sup-port his contention. It does not distinctly appear from the evi-dence of Fleetwood or Mrs. Girtman when the alleged agree-ment with Ray was made. It can be inferred, however, from their testimony, that it was before the suit in the justice's court. It can be gathered from the testimony of Ray, that if any agree-ment was ever entered into it could not have been made until after the judgment in the justice's court, he giving as one of his reasons why he did not enter into this agreement that his only indebtedness to the estate of Girtman was the judgment ren-dered on this suit in the justice's court. It is true that in the order overruling the motion for a new trial the judge says that the evidence shows that the "timber transaction" was in Feb-ruary, 1897; but this probably does not refer to anything more than so much of the transaction as related to the purchase by

Fleetwood of the interests of Ray and Mrs. Girtman in the raft of timber. In the light of the record, the meaning of the expression "timber transaction," as used in the judge's order, must be limited in this way. If the agreement between Ray and Fleetwood that the amount due by the latter to the former should be paid over to Mrs. Girtman was entered into after the suit in the justice's court, it is apparent that the record of that suit would be admissible as a circumstance to discredit the testimony of Mrs. Girtman as to Ray's indebtedness to the estate of her husband at the time of the alleged agreement. While it is true that a defendant is not bound to plead all matters of set-off which he has against a plaintiff, still when matters of a certain character are so pleaded, and others of similar character are omitted and are attempted to be enforced in subsequent transactions, the fact that such other matters were not relied upon in the plea is a circumstance tending to establish that the subsequent claim did not in fact exist. When this record is admitted, it is, of course, subject to explanation, and it may be shown that Ray was indebted to Mrs. Girtman as administratrix in another amount not embraced in this suit and upon which had been credited the amount paid Mrs. Girtman by Fleetwood, or any other fact tending to show that Ray at the time of the alleged agreement was really indebted to the estate of Girtman. Being subject to such explanation, the evidence rejected is not of great probative value, but the plaintiff was entitled to the benefit of it in order that the jury might pass on its worth, and we think the case should be tried again with this evidence before the jury.

Judgment reversed. All the Justices concurring.