## PEALE *et al. v.* WARE.

1. The petition filed in this case was good as against a general demurrer.
2. Where a certain fact material to the plaintiff's case is averred in one paragraph of the petition, a demurrer to that portion of the petition, which negatives the fact so alleged, is faulty, and should be overruled as a speaking demurrer.
3. The proceedings in this case being substantially a call for probate in solemn form, and the caveat being sufficient to raise the issue of devisavit vel non, the burden of proof was upon the propounders.
4. The court properly held, where the will was tendered in evidence by the propounders, that the same was not admissible without proof as required by law.
5. There being no evidence to prove the fact of execution or to show testamentary capacity, the propounders failed to carry the burden imposed by the law, and the verdict in favor of the caveator necessarily resulted.
6. The court did not err in refusing to dismiss the appeal.

Argued June 18, 1908.—Decided January 15, 1909.—Rehearing denied February 9, 1909.

Probate of will. Before Judge Fite. Bartow superior court. July 25, 1905.

*James B. Conyers,* for plaintiffs in error.

*Thomas W. Milner & Son* and *James M. Neel,* contra.

BECK, J.  C. A. F. Ware, on the 14th day of March, 1905, filed a petition and motion, in the court of ordinary, against Edith Peale and Mabel Peale, who were residents of Washington, District of Columbia, and who were named as legatees in the last will and testament of their sister, Mrs. Mary Ware, deceased, who was the wife of the said C. A. F. Ware. The will of Mary P. Ware had been probated in common form, on the 4th day of April, 1898.  It is alleged in the petition, that Lucie Rogers and James B. Conyers were named as executors in the will, and that by order of the ordinary, bearing the date of April 4th, 1898, they were permitted to qualify as such in vacation by taking the usual oath on the acceptance of the trust reposed; that on the 27th day of May, 1898, Lucie Rogers filed with the ordinary her refusal to accept, and expressly renounced said trust, and that James B. Conyers had never accepted the trust and qualified in terms of the order within the term of twelve months, and has never qualified as executor, and therefore he is to "be deemed in law as having renounced said trust." It is also averred that the legatees named in the will have never taken any steps whatever to have the administration of the estate of Mary Ware vested in an administrator with the will annexed. The petitioner charges that the intention and purpose has been to allow the estate of Mary Ware to remain wholly unrepresented until after the expiration of the term of seven years from the date of the order admitting the will to record as probated in common form, and then to "claim that caveator [the petitioner] was concluded by said order of probate in common form and barred of his right to caveat said will and require the same to be probated in solemn form." And he now, before the expiration of seven years from the date of the order admitting said will to probate in common form, caveats said will on the grounds: "1.  Because it is not the last will of Mary P. Ware, as she, at the time of executing said will, was not of sound mind and disposing memory. 2.  Because it is not the will of said Mary P. Ware, because she, at the time said writing was signed and executed, was insane and incapable of making a will." The prayer is, that the legatees named in the will of Mary Ware, to wit, Edith Peale and Mabel Peale, "be cited by publication to be and appear before the court of ordinary, in the county of Bartow, on the first Monday in May, 1905, . . to show cause why the

probate in common form of said will should not be declared null and void; and said will to be of no validity whatever, on account of the grounds mentioned as cause for caveat hereinbefore set forth."

1. The petition in this case was demurred to on numerous grounds. Several of the grounds as they appear in the demurrer may be considered together, because, while differing in verbiage, they are in substance the same. The petition is attacked on the ground that it is "in no sense an application to the court to compel the defendants to proceed to probate said will in solemn form, . . and can not be legally changed by amendment or otherwise into an application to compel these defendants to proceed to probate the will of Mary Ware in solemn form," and because the caveat to the will could not be filed until "there is an application to probate said will in solemn form, and no such application has been made;" and upon the further ground "that the petition is not verified by affidavit."

We are of the opinion that the petition in this case is sufficient in substance to withstand an attack by general demurrer. Insufficiency in particular allegations in the petition, if they exist, should have been pointed out by special demurrer. It was not necessary for one who sought and had the right to caveat the probate of the will in solemn form to file a petition for that purpose, and then to file separately a caveat to the application; it was competent for him to make application for the probate of the will in solemn form, and at the same time to set forth that his purpose was to caveat the will, and to state the grounds of such caveat. The allegations of the petition and caveat show clearly the object and purpose of filing the application, show the applicant's rights and interest as a party to the cause, and state clearly and distinctly the grounds upon which he bases his contention, that the will should be formally offered for probate in solemn form, and, upon being so offered, should be declared invalid, and not the last will and testament of his deceased wife. If the executors named in the will had never accepted the trust and qualified as such, then the proper parties, those named as legatees and having interest adverse to the petitioner, were called upon to offer the will for probate and to sustain it by competent evidence. The sole heir of the testatrix was the petitioner, and all the legatees

were cited and appeared by counsel. In the case of *Evans* v. *Arnold,* 52 *Ga.* 169, this court, speaking of a petition similar to that under consideration, said: "The petition to the ordinary. would have accorded better with the practice in this State had it formally called on the executors to prove the will in common form, though the case of Garther's will, where the motion was exactly like the present, shows that this practice is not uniform. In England the form is very much like that adopted in the present case. It is spoken of as *calling* in *the probate:* See Hayle *v.* Hasted and Pearson, 6 English E. Reports, 313. And the Code, section 2424, contemplates 'setting aside' the probate in common form. We think that when the heir-at-law calls upon the executor to show cause why the probate in common form should not be set aside, and sets forth grounds attacking the integrity and validity of the will, that this is substantially a call for probate in solemn form; and especially is this true if the executor accepts the issue, and undertakes to prove the will. . . It will be remembered that our Code, sections 2422, 2430, makes no special provision as to probate in solemn form when there has been a probate in common form. The case provided for is where the executor is the movant. The case of a motion to prove in solemn form after a probate in common form is left to the proceeding as it was before, regulated by practice of probate courts in England so far as applicable to our circumstances. The course pursued here was very much in conformity to the English practice, as we have seen." The application in this case sufficiently complies with the provisions of the law, and it was unnecessary that the petition or application should have been verified by an affidavit by the petitioner.

2. It appears from the face of the petition that seven years had not elapsed since the probate of the will in common form. A demurrer on the ground that seven years had elapsed is a speaking demurrer, and was properly overruled.

3. The proceedings being substantially a call' for probate in solemn form, the caveat was sufficient to distinctly raise the issue of devisavit vel non, and, as to that issue, the burden of proof was upon the propounders.

4. After the demurrer was overruled by the court, the case proceeded to trial, and the plaintiffs in error tendered in evidence

before the jury a document purporting to be the original will of Mary Ware, which, as it was admitted by the defendant in error, "had been probated in common form in the court of ordinary, and admitted to record in said court of ordinary in and for Bartow county, on which there was judgment by said court dated April 4, 1898." The introduction of the will in evidence was objected to on the ground that it could not be admitted in evidence until the subscribing witnesses had been called and had testified to its execution; but the propounders insisted that as it had been proved in common form, it was admissible in evidence without further proof of its execution. The court ruled that the will was not admissible in evidence without proof; and none being offered, it was rejected. Error is assigned upon this ruling of the court. As we have already ruled, the burden of proof was upon the propounder; in this case no attempt was made to carry that burden. Neither the fact of execution was shown, nor was there any proof of testamentary capacity. That being true, the court properly refused to admit the will in evidence. *Evans* v. *Arnold,* supra.

5. There being no evidence to show the fact of the execution of the will offered in evidence, nor a capacity to make a will on the part of the alleged testator, a probate of the will in solemn form would have been entirely unauthorized. "If probate of the will in solemn form is refused, the effect is to set aside the probate in common form and declare an intestacy." *Hooks* v. *Brown,* 125 *Ga.* 122 (52 S. E. 583). And that is the effect of the verdict rendered by direction of the court in this case; no other verdict could have been rendered, and the court did not err in directing the verdict. 2 Thomp. Trials, 1589; Rice on Probate Law, 40.

6. After the court had refused to permit the introduction of the will, as stated above, counsel for plaintiffs in error moved that the appeal be dismissed, on the ground that the case was in the superior court on appeal "improvidently." It appears from the record that the case had been appealed by consent. The case as made by the application and the caveat, citation having been duly issued and published, was appealable and could be appealed, by consent, before decision in the court of ordinary, as well as after a decision rendered in favor of either of the parties.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*