## OXFORD *et al. v.* OXFORD.

1. Where children by a former marriage caveat the probate of the will of their father, wherein the larger part of his estate is devised to his widow, on the ground of want of mental capacity and undue influence, it is proper to allow proof of the pecuniary condition of the caveators.

2. "Upon the trial of an issue arising upon the propounding of a will and a caveat thereto, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When this is done, the burden of proof shifts to the caveator."

(a) On a trial of the issue of devisavit vel non, where the caveator introduces proof, the propounder is entitled to open and conclude the argument.

3. Where no issue is made as to the formal execution of the paper propounded as a will, and the evidence is undisputed that such paper was executed as required by law for wills, and that the attesting witnesses were competent, it is not error for the court to assume such in his instructions to the jury.

4. No substantial error of law occurred on the trial, and the evidence supports the verdict.

JULY 13, 1911.

Appeal from probate of will. Before Judge Fite. Whitfield superior court. August 9, 1910.

*W. C. Martin* and *W. E. Mann,* for plaintiffs in error.

*Maddox, McCamy & Shumate,* contra.

EVANS, P. J. Mrs. Kate Oxford filed a petition to probate in solemn form the will of her deceased husband. By the terms

of the will the larger portion of the property was devised to the propounder, who was the second wife of the decedent. The testator's children by a former marriage filed a caveat to the probate of the will, on the ground that the testator at the time of making the alleged will was of unsound mind, and that the will was executed by him because of the undue influence and false representations of the propounder. On appeal in the superior court a verdict was rendered in favor of the propounder, which the court refused to set aside on motion for new trial.

1. The first two grounds of the amended motion complain of the admission by the court of evidence showing the financial condition of the caveators. This testimony was admissible as illustrative of the reasonableness or unreasonableness of the testamentary scheme as bearing on the issue of undue influence alleged to have been exercised by the propounder. Indeed, the jury should be permitted to hear testimony of this character, that they might know of the facts and circumstances surrounding the testator at the time he executed the will, to better determine the state of his mind,—whether he had made a rational disposition of his property and whether or not undue influence was exercised over him at the time of its execution. Rasdall *v.* Brush, 104 So. 749 (Ky.) ; Henning *v.* Stevenson, 118 Ky. 318 (80 S. W. 1135) ; Johnson *v.* Armstrong, 97 Ala. 731 (12 So. 72).

2. The charge on the burden of proof on the issue of devisavit vel non was in substantial accord with the rule laid down in *Slaughter* v. *Heath,* 127 *Ga.* 747, 760 (57 S. E. 69), and not in conflict with *Mobley* v. *Lyon,* 134 *Ga.* 125 (67 S. E. 668, 137 Am. St. R. 213). Both sides introduced evidence, and the court properly allowed the propounder to open and conclude the argument.

3. The court charged the jury: "Some question was raised as to the execution of the instrument, or the alleged will, as to the competency of the witness, Judge Bogle, the ordinary. [The will was attested by that official.] I charge you that so far as the formal execution is concerned and the competency of the witnesses, the court holds that they have been sufficiently established, and the court sustains the execution of the will and holds that Judge Bogle is a competent witness to the will." The criticism of this charge is that it was contrary to law, and an expression of opinion on the evidence by the court. It is especially insisted that the

words, "the court holds that they have been sufficiently established," was an expression of opinion on the evidence to the effect that such evidence made out a prima facie case authorizing the probate of the will. The evidence was undisputed that the will was executed in legal form, in the presence of competent attesting witnesses. This excerpt, when considered in connection with its context, was but the statement of facts about which there was no issue, and was not harmful to the plaintiffs in error.

4. There is no merit in any of the other grounds of the motion. The charge substantially stated all the contentions of the parties, and the verdict was warranted by the evidence.

*Judgment affirmed. All the Justices concur.*