## EDENFIELD v. BOYD et al.

ATKINSON, J.   1. On the trial before a jury of an issue of devisavit vel non, the burden in the first instance is upon the propounder of the alleged will to make out a prima facie case by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and in making it acted freely and voluntarily.   *Credille* v. *Credille,* 123 *Ga.* 673 (51 S. E. 628); *Slaughter* v. *Heath,* 127 *Ga.* 747 (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Oxford* v. *Oxford,* 136 *Ga.* 589 (71 S. E. 883).   But where the only grounds of caveat were:   (*a*) "fraudulent practices upon the testator's fears, affections, and sympathies, and duress and undue influence on the part of the legatees," (*b*) "mistake of fact as to the conduct of caveators," (*c*) implied revocation of the will after it was executed; (*d*) the will, "if executed at all was not attested, executed, and published as  .   .   required by law," and the evidence was all to the effect that the mind of the testator was sound and unimpaired, it was erroneous, while stating the contentions of the parties and charging the law applicable, to the case, to submit an issue as to testamentary capacity of the testator on account of mental infirmity.

2. In view of the uncontradicted evidence showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily, under the doctrine of the cases cited in the preceding note, in submitting the issue as to undue influence, a charge that the burden

of proof was upon the caveators would have been appropriate. Where it appears, however, that the judge charged generally that, upon proof that the factum of the will was the free and voluntary act of the testator and that the formalities required by law in the execution of wills had been complied with, "that would make a prima facie case on the part of the propounder, and the burden would then be shifted," if the propounder desired further elaboration or some specific instruction as to the shifting of the burden of proof, he should have made a timely written request. See, in this connection, *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (64 S. E. 680).

3. "The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." Civil Code, § 3834; *Franklin* v. *Belt*, 130 *Ga.* 37 (60 S. E. 146), and citations.

(a) Considered separately, the facts that the testator was an old man, that he married a second time, that he disinherited some of his children, that by his will he had unequally distributed his estate among his children, that there were unfriendly feelings among the members of the family and an estrangement between the children and their stepmother, would be insufficient to show such influence over the mind of the testator as would invalidate the will. Accordingly it was erroneous, after telling the jury that they might consider all the facts and circumstances connected with the life of the testator at the time of executing the will, and all that would throw light on the transaction, and referring to the several things above mentioned, to charge that "if from the existence of any of these facts" the jury should determine that there was undue influence brought to bear upon the mind of the testator at the time of making the will, and it influenced him to make it, they would be authorized to find in favor of the caveators.

4. Where it appears that the caveators were two daughters and certain heirs of a deceased daughter, children of the testator by a former marriage, to whom nominal sums of money were devised by the will, and that the residue of his estate was devised approximately equally between a number of other children by the first marriage and the second wife, by whom there were no children, thus showing that the will mentioned all of the members of the family of the testator, and a ground of attack upon the will by the caveators was that of undue influence over the testator, and there was no evidence that any of the children or representatives of deceased children had in any manner attempted to exercise any influence over the testator, and the only evidence relied on to show undue influence was alleged conduct and requests upon the part of the second wife, it was not strictly accurate for the court, while instructing on the subject of undue influence to charge that "it is immaterial who might bring this mental condition upon the maker of the will."

5. Testimony to the effect that several years before executing the will the testator received into his household two of his grandchildren, and promised to support and educate them, and "leave them plenty to pay for their living," was relevant, it appearing that a mere nominal sum was provided for them in the will.

6. It was competent for the propounder to show that the testator had, by a deed to a tract of land, made provision for one of the caveators, to whom only a nominal sum of money was left by the will. See *Oxford* v. *Oxford*, 136 *Ga.* 589 (71 S. E. 883).

(a) The mere objection that the propounder and other legatees under the will were disputing the genuineness of the deed was insufficient to exclude the testimony of the witness by whom it was sought to prove that such provision had been made by the testator.

(b) There was no objection that the evidence was in parol, and that there was higher evidence of the facts.

7. An assignment of error based on a ground of a motion for new trial, complaining of the admission in evidence of the testimony of a witness, which does not set forth the testimony alleged to have been erroneously admitted, is too indefinite to present any question for decision.

8. Other grounds of the motion for new trial, which complain of the charge, and omissions to charge without request, are of such character as not to require elaboration. It is sufficient to say that, when considered in the light of the charge as given, none of them require the grant of a new trial.

9. As the evidence may not be the same on another trial, no ruling is made as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 10, 1915.

Probate of will.   Before Judge Rawlings.   Emanuel superior court.   September 4, 1913.

*Saffold & Jordan,* for plaintiff.

*Williams & Bradley,* for defendants.