PENN *et al.* v. THURMAN.

LUMPKIN, J. 1. There was no evidence of undue influence or fraud inducing the making of the will which was propounded for probate; nor was there evidence of a mistake by the testatrix as to the existence or conduct of her heirs. A number of the grounds of the motion for a new trial, which were dependent upon the existence of such evidence, were without merit.

2. In this State the propounder of a will can not make out a prima facie case by merely proving the factum of the will and relying on a legal presumption of sanity, but must introduce evidence on the subject of sanity, in making out such prima facie case. The charges complained

of in the ninth and tenth grounds of the motion for a new trial (the latter referring to the former) were erroneous in regard to the subject of the presumption of sanity.

3. Where testamentary capacity is in issue in a proceeding to propound a will, the reasonableness or unreasonableness of the will is a legitimate subject of consideration in determining that issue. But if the jury find that the testator in fact had testamentary capacity, the will can not be set aside or refused probate merely because the jury may not think it reasonable.

4. There was no error against the caveators in charging that evidence that the testatrix made certain statements to the effect that one of the legatees had worried her about her property and another had gotten some of her property, or the like, could be considered in determining the state of mind of the testatrix at the time when the instrument propounded as a will was executed, but not as evidence of the existence of the facts as stated.

5. Where a will propounded for probate contained a recital that the testatrix had already given much property to her relatives other than the legatees, especially to nephews and nieces, equal to an advancement of their shares of the estate if divided under the laws of the State, even if she had not in fact given money or property to some of her heirs at law, such mistaken recital would not, as matter of law, render the will void as to such heirs. *Sims* v. *Sims*, 131 *Ga.* 262 (62 S. E. 192).

(*a*) It is not held that such mistaken recital could not be considered, with the general evidence, in determining the question of testamentary capacity.

6. On a question of fraud or undue influence causing the making of a will, a non-expert witness can not testify that the testatrix was very susceptible to influence, without stating any facts upon which such statement is based. *Dennis* v. *Weekes*, 51 *Ga.* 24 (3); *Slaughter* v. *Heath*, 127 *Ga.* 747 (57 S. E. 69, 27 L. R. A. (N. S.) 1).

(*a*) The witness on cross-examination stated her opinion on the subject. In the absence of evidence of undue influence, would such an opinion be relevant? Quere.

(*b*) Whether a person could have "an intelligent understanding" of an instrument "in the form of a will" would depend somewhat upon its contents, and the answer to the question on that subject was properly rejected.

7. Under the decision in *Oxford* v. *Oxford*, 136 *Ga.* 589 (71 S. E. 883), the charge of the court in regard to the shifting of the burden of proof, after the propounder had made out a prima facie case, was not error requiring a reversal. That decision was concurred in by the entire bench, and can not be materially modified or changed except upon regular reconsideration.

8. A proper foundation must be laid in order to introduce evidence of statements made by a witness in a conversation, for the purpose of impeaching him.

9. None of the other grounds of the motion for a new trial require specific reference or show reversible error.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915.

Probate of will. Before Judge Park. Jasper superior court. July 13, 1914.

*A. Y. Clement* and *Doyle Campbell,* for plaintiffs in error.

*Greene F. Johnson,* contra.