ADAMS <em>et al.</em> v. COOPER.

1. Upon the trial of an issue involving the soundness or unsoundness of the mind of a testatrix at the time of the execution of a will, the verdict of a jury upon an inquisition of lunacy, finding that the testatrix was of sound mind some three years after the execution of the will, is admissible in evidence.

(a) There being evidence to show that the verdict of the jury and the proceedings in the trial of the inquisition of lunacy was lost and that there was no record of the same, it was competent to show by parol testimony of a witness who was a member of the jury at the trial of the inquisition of lunacy that the jury returned a verdict finding that the testatrix was of sound mind.

2. Where a testatrix by a provision of her will excluded one of her several heirs from participation in her estate, and such provision of the will was a result of a mistake as to the conduct of the heirs of the testatrix thus excluded, the will is inoperative so far as such heirs at law are concerned, but the entire will is not necessarily void.

3. Mistakes of fact as to the conduct of the heirs at law of the testator which will render inoperative portions of the will disinheriting such heir or heirs are not solely such mistakes of fact as are caused in the mind of the testator by false statements or misrepresentations made by a beneficiary under the will, but may be mistakes of fact arising otherwise.

4. A particular ground of the caveat charges certain conduct upon the part of the propounder, one of the beneficiaries under the will; and it was not error for the court to charge, in dealing with that ground of the caveat, that the jury should find against that particular ground of the caveat unless it should be established by the evidence.

5. "Upon the trial of an issue arising upon the propounding of a will and a caveat thereto, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When this is done, the burden of proof shifts to the caveator."

6. The charge upon the subject of burden of proof, when considered in its entirety, was substantially correct. The inaccuracies therein were not of such character as to require the grant of a new trial.

No. 517. SEPTEMBER 10, 1918. REHEARING DENIED SEPTEMBER 25, 1918.

Appeal from probate of will. Before Judge Worrill. Quitman superior court. July 30, 1917.

Ben. M. Turnipseed, Zach. Arnold, J. J. Garland, and Pottle & Hofmayer, for plaintiffs in error.

L. M. Rambo, M. C. Edwards, E. R. King, and W. R. Hammond, contra.

BECK, P. J. Warren S. Cooper, as the executor named in the will of Julia Cone Catchings, filed a petition to the court of ordinary for the probate of the will. Several persons named as heirs of the testatrix filed a caveat, and urged, as grounds of the caveat, that at the time of the execution of the instrument the testatrix was not of sound and disposing mind and memory; that the alleged will was not freely and voluntarily executed by the testatrix, but that she was moved thereto by undue influence exerted over her by Cooper, the propounder and one of the beneficiaries under the will, and was further moved thereto by fraudulent practices upon her fears, affections, and sympathies; that Cooper continuously stated to testatrix that her heirs at law were hostile to her and were trying to deprive her of her property during her lifetime, and with that end in view had threatened to kill her, while he was her friend; that the execution of the instrument was procured by the misrepresentations of Cooper and others, to the injury of the heirs at law, as to the conduct of all the heirs of the testatrix; that testatrix was laboring under a mistake of fact, being under the impression that her heirs had no kindly feeling or affection for her but were hostile to her, and that they had endeavored to take her life by poison or other means; that the testatrix was laboring under an insane delusion, believing that her own blood and kin were hostile to her and were trying to deprive her of her life, and were threatening her and attempting to kill her for the purpose of getting her property. The case as thus made by the caveat was ap-

pealed to the superior court, and upon the trial the jury found that the paper propounded as a will was in fact the last will and testament of the testatrix. A motion for a new trial was made by the heirs, and upon the hearing it was overruled.

1. Over objection, the propounder was allowed to prove by a witness who was a member of the jury trying the issue upon an inquisition of lunacy, wherein the sanity of the testatrix was the subject-matter, some two or three years after the will was executed, that the jury returned a verdict to the effect that Julia Cone Catchings was of sound mind. It is not urged that there was not sufficient evidence of the loss of the verdict and record in that case, competent witnesses having given testimony tending to show that the proceedings had been lost. And we are of the opinion that evidence showing that the mind of the testatrix was sound two or three years after the execution of the will was admissible as throwing light upon the question of her sanity at the date of the execution of the will. *Field* v. *Lucas,* 21 *Ga.* 447, 451 (68 Am. D. 465) ; *Lucas* v. *Parsons,* 23 *Ga.* 267; *Slaughter* v. *Heath,* 127 *Ga.* 747 (57 S. E. 69, 27 L. R. A. (N. S.) 1). Had the jury trying the inquisition of lunacy found that two or three years after the execution of the will the testatrix was of unsound mind, it would be necessary to decide whether, under the ruling in *Terry* v. *Buffington,* 11 *Ga.* 337 (56 Am. D. 423), such testimony was admissible.

2. The court was requested in writing to charge the jury as follows: "Under these rules of law, if you believe that at the time of making the alleged will Miss Catchings was laboring under a mistake of fact that certain of her heirs at law had previously attempted to take her life and were still desirous of doing so; and if you further believe there was no foundation in fact for such belief, and the act of the decedent in making a will disinheriting her heirs at law and giving her property to strangers was the direct result of such a mistake of fact, you ought to sustain that ground of the caveat." The court declined to give this charge as requested, and error is assigned upon this refusal. We do not think that the court erred in refusing the request, because the instruction thereby sought was, in substance, that the entire will would be void and not entitled to probate if the will was executed under a mistake as to the conduct of certain of the heirs, although it might not have been executed under a mistake of fact as to other heirs. Section

3836 of the Civil Code provides that "A will executed under a mistake of fact as to the existence or conduct of the heirs at law of the testator is inoperative, so far as such heir is concerned, but the testator shall be deemed to have died intestate as to him." Under this section a will executed under a mistake of fact as to the conduct of certain heirs is inoperative only as to the heirs about whose conduct the testator is laboring under a mistake. If, as in the present case, there is more than one heir of the testatrix, and the testatrix was laboring under a mistake of fact as to one of them and on account of that mistake of fact excluded that heir from participation in her estate after her death, this might entitle such heir to have the will declared inoperative as to him, but it would not necessarily render the entire will void or inoperative.

3. But the court committed error in the charge by instructing the jury, in substance, that provisions of the will which had the effect of disinheriting the testatrix's heirs at law would be inoperative if the act of disinheriting her heirs at law was the direct result of a mistake of fact as to certain conduct of the heirs, when he coupled with this instruction the proviso that such was the law if the jury believed "that the propounder, Warren S. Cooper, was responsible for creating in her mind such erroneous idea or belief, or that he in any way encouraged her in such belief." The effect of giving in charge the language of the proviso just quoted was to restrict too greatly the instruction as to the effect of a mistake existing in the mind of the testatrix as to the conduct of her heirs or some one of them at the time of the execution of the will. For, if the testatrix inserted a provision in the will, disinheriting one or more of her heirs, as a result of a mistake of fact as to the conduct of the disinherited heir or heirs, the clause of the will disinheriting the heir or heirs would be inoperative, whether that mistake was produced by the misrepresentations of Cooper, the propounder and a beneficiary under the will, or whether it grew out of misrepresentations made by other parties.

4. The court charged the jury as follows: "It is your duty to look carefully into the evidence to see whether or not those allegations have been sustained by the evidence. If the evidence fails to show that Warren S. Cooper exercised such undue influence over her and that this influence operated as a fraud at the time of the execution of the will, and also fails to show that he continuously and fraudulently repeated to her that her own blood and kin were

hostile to her and were trying to deprive her of her property during her lifetime and were threatening to kill her, and such fraudulent misrepresentation and practice caused her to believe that Warren S. Cooper was her only friend and they were her enemies, and if the evidence shows these charges are not true, it would be your duty to find the issue against the caveators and in favor of Warren S. Cooper, the propounder of the will." In view of the pleadings in the case and the language of the caveat, this charge affords the plaintiffs in error no ground of complaint. In this part of the charge the court was dealing with the ground of the caveat which alleged that Cooper "from time to time and continuously repeated to the said Julia Cone Catchings that her own blood and kin were hostile to her and were trying to deprive her of her property during her lifetime," etc., as stated in the excerpt from the charge quoted, and was instructing them that as to this particular ground they would find adversely to the caveators unless these charges were supported by evidence. We think this was a proper charge as to this particular ground of the caveat, in view of the language employed in that ground.

5. The court did not err in charging the jury as follows: "In the trial of this case the burden is, in the first instance, upon the propounder, Warren S. Cooper, to make out a prima facie case by showing the factum of the will, that is, to show that Julia Cone Catchings executed the paper in the manner the law requires wills to be executed; that at the time of its execution the testatrix apparently had sufficient mental capacity to make it, and in executing the will she acted freely and voluntarily. If the jury find this is shown, the burden is thereby shifted to the caveators to prove the validity of the objections they have made to the probate of the will." This charge is an almost exact excerpt from the decision in the case of *Oxford* v. *Oxford*, 136 *Ga.* 589 (71 S. E. 883). And having given that charge, the court did not err in declining to charge upon the same subject in the language of the request set out in the 7th ground of the amended motion for a new trial, which is as follows': "The paper in evidence before you has been offered for probate as the last will and testament of Julia Cone Catchings. The burden is upon the propounder, Warren S. Cooper, to show three things before you can admit this paper to probate as the will of Miss Catchings, viz.: (1) the factum of the will, that is, that she executed the paper in the manner in which the

law requires wills to be executed; (2) that the paper was executed as her will freely and voluntarily, by which is meant that it was her own free and voluntary act, and not induced by fraud or undue influence on the part of some other person; and (3) that at the time of executing the paper she was mentally capable of making a will."

6. There were numerous exceptions to the charge of the judge touching the burden of proof. But, considering the entire charge together, it placed upon the propounder, in the first instance, the burden of making out a prima facie case, under the rule laid down in the *Oxford* case from which the excerpt above is taken. And in addition to the cases cited in the opinion in the *Oxford* case, there are decisions in our reports laying down a similar rule; and the instructions of the court upon the subject now in question, when the entire charge is considered, were in substantial accord with them. We are of the opinion that while there are some inaccuracies in particular portions of the charge when taken by themselves and considered without reference to their context, yet when the entire charge is considered together these inaccuracies are not of such nature and consequence as to cause the grant of a new trial; and the only ground of the motion showing error of such gravity as to require the grant of a new trial is the one pointing out the error in that part of the charge reviewed in the third division of this opinion.    *Judgment reversed.   All the Justices concur.*