*Pat Haralson, T. S. Candler,* and *J. G. Collins,* for defendants.

---

## JONES *et al. v.* McCRARY.

ATKINSON, J. 1. An application to probate a will in solemn form was made to a court of ordinary, and a caveat was filed on the grounds, (*a*) that the testatrix did not have testamentary capacity at the time the paper was executed; (*b*) that even if the testatrix had testamentary capacity, the paper was not prepared by her directions, and was not read over to her; (*c*) that the paper was executed on account of undue influence exercised over the testatrix by certain persons who would be her heirs at law. The case was appealed by consent to the superior court. On the trial the uncontradicted evidence showed affirmatively that the will was prepared in accordance with directions by the testatrix and was read over to her, and that she signed it freely and voluntarily, without any undue influence having been brought to bear upon her. The only issue as to which the evidence was in conflict was as to the testamentary capacity of the testatrix at the time the paper was signed. *Held,* that, under the circumstances stated, it would not not furnish cause for reversal of the judgment denying a new trial that, while instructing as to the burden of proof, the judge charged the jury that the propounder would make out a prima facie case by proving the execution of the paper as a will, and proving that the testatrix was apparently of sound mind at the time the paper was signed,— omitting all reference to whether the paper was freely and voluntarily made; nor under the circumstances would it furnish cause for reversal that the judge, in charging with reference to proof of execution of the will, stated that after the propounder had made out a prima facie case the burden of proving to the satisfaction of

the jury that the testatrix did not make the will would be shifted to the objector. In this connection see *Oxford* v. *Oxford,* 136 *Ga.* 589 (2), 590 (71 S. E. 883); *Edenfield* v. *Boyd,* 143 *Ga.* 95 (84 S. E. 436); *Penn* v. *Thurman,* 144 *Ga.* 67 (86 S. E. 233); *Davis* v. *Davis* 148 *Ga.* 512 (97 S. E. 440); *Adams* v. *Cooper,* 148 *Ga.* 339 (6), 344 (96 S. E. 858).

2. The caveators introduced the record in an ex parte proceeding before the superior court, had about two years before the making of the will, wherein, for the purpose of mortgaging certain land of the testatrix, the propounder of the will applied to the court and represented that the testatrix was of unsound mind and required a guardian; a guardian ad litem was appointed for the testatrix, and an order granted authorizing the guardian to execute a mortgage upon her land. *Held,* that the introduction of this evidence did not require the judge to charge, as contended in the motion for new trial, "that when the caveators introduced the above evidence, which conclusively showed that the testatrix had been declared imbeciled by a court [such condition will be presumed] to continue to exist until the jury was convinced to the contrary."

3. The evidence was sufficient to support the verdict setting up the will, and there was no error in refusing a new trial.

　　　　　　　　　　*Judgment affirmed. All the Justices concur.*
　　　　　　　　　　No. 1580. JUNE 18, 1920.

Appeal from probate of will. Before Judge Walker. Warren superior court. July 16, 1919.

*L. D. McGregor,* for plaintiffs in error.

*M. L. Felts* and *E. P Davis,* contra.