JONES, receiver, *v.* DEAN; *et vice versa.*

Nos. 12784, 12803. JUNE 15, 1939.

*H. G. Bell, John R. Wilson,* and *Morgan Belser,* for plaintiff.

*J. C. Hale,* for defendants.

*J. D. Stewart, J. Wightman Bowden,* and *Brown & Brown,* for persons at interest, not parties.

DUCKWORTH, Justice. ■ Although error is assigned in the bill of exceptions on exceptions pendente lite to the overruling of the plaintiff's demurrers, this assignment not being referred to or argued by counsel for the plaintiff in error, it must be treated as

abandoned. Code, § 6-1308; *Bosworth* v. *Nelson,* 172 *Ga.* 612 (4) (158 S. E. 306); *Citizens & Southern National Bank* v. *Cook,* 182 *Ga.* 240 (3) (185 S. E. 318); *Campbell* v. *Burton,* 182 *Ga.* 354 (185 S. E. 323); *City of Hawkinsville* v. *Williams,* 185 *Ga.* 396 (2) (195 S. E. 162).

■ Three grounds of the motion for a new trial complain of the ruling admitting in evidence the record of the court of ordinary denying probate of an instrument propounded as the will of A. W. Fordham, over the objection by the plaintiff that the evidence was irrelevant, immaterial, and without pleadings to support it, that no plea of res judicata, estoppel, or other special plea had been filed, that no caveat accompanied the record, that it appeared from other evidence that Fannie B. Fordham had only a life-estate, and that the evidence amounted to a collateral attack upon a judgment of another court. The pleadings show that both plaintiff and defendant claimed under a common grantor, A. W. Fordham, deceased. The defendant claiming under a chain of title from Fannie B. Fordham, the wife and sole heir of A. W. Fordham, and having alleged in his answer that A. W. Fordham left no will, the evidence objected to supported the defendant's allegations that A. W. Fordham died intestate, that Fannie B. Fordham as the sole heir inherited the lands involved, and that her deed conveyed good title. The plaintiff by amendment set up the record here objected to, and made an attack upon it for alleged fraud, thus making the evidence admissible under the plaintiff's own pleadings. *Dardin* v. *Ogletree, Dudley,* 240; Walker *v.* Chase, 53 Me. 258; Kendrick *v.* Beggar, 209 N. Y. 440 (103 N. E. 763); Kalb *v.* Mall, 187 Iowa, 193 (174 N. W. 226; 34 C. J. 1066, § 1507). The plaintiff had already introduced in evidence the record of the court of ordinary wherein the alleged will had been probated in common form; and the defendant was entitled to offer the record here objected to for the purpose of discrediting that evidence of the plaintiff. *Ray* v. *Fleetwood,* 106 *Ga.* 253 (32 S. E. 156). Nor did the evidence objected to constitute a collateral attack upon the judgment of probate in common form, for the reason that it in no wise questioned the regularity and legality of that judgment when rendered, but simply showed as a matter of law that the former judgment had been set aside. A caveat is not necessary to authorize a court of ordinary to render judgment upon an application to probate a will in solemn form.

The law imposes upon the propounder the burden of proving that the testator executed the document propounded, freely and voluntarily, and that at the time he possessed testamentary capacity. It is the duty of the court of ordinary to determine from the evidence whether this burden has been carried or not, and to register that determination in the form of a solemn judgment, even though no caveat or other objection has been filed.

The rulings here made are in irreconcilable conflict with some of the rulings made in *Scarborough* v. *Edgar*, 176 *Ga.* 574 (168 S. E. 592). As required by the Code, § 6-1611, this court requested both parties to submit briefs on the question whether or not that decision should be reviewed and overruled. Both parties have filed briefs as requested, and we have carefully considered the briefs and have reviewed that case. It was there held that a denial of probate in solemn form would not constitute an adjudication of the issue of devisavit vel non, unless a caveat or other objection had been filed to the application to probate. If that ruling is correct, then the issue of devisavit vel non, which is the sole issue for determination on an application to probate in solemn form, would never be presented, and therefore could never be adjudicated, in any case except where caveat or other objection had been filed. If that were the law, every judgment of every court of ordinary in this State, probating in solemn form a will where no objection was filed, would be illegal, invalid and void; every administration of an estate under such judgment would be void, and every title to property growing out of such administration would be brought in question. We have no hesitancy in holding that such chaos does not follow such judgments of probate, and that a caveat or objection is in no wise necessary in order that such a probate may constitute an adjudication of the issue of devisavit vel non, since this issue is presented by the application and without a caveat, and the determination by the court of ordinary thereof is an adjudication irrespective of whether the judgment is for or against probate.

As an illustration of the fallacy of a ruling that a judgment denying probate is not an adjudication of the issue of devisavit vel non where no caveat is filed, suppose A dies, owing no debts, and leaves a will devising all of his estate to B, who is also named executor under the will; and B as executor offers the will for probate in solemn form, legal service is had upon C, the sole heir of A, no

caveat or objection is filed, and upon the hearing the uncontradicted proof meets every legal requirement to make the instrument a valid will, but the ordinary enters judgment denying probate. Only B as the sole legatee and as executor, and C as the sole heir, would have a right under the law to be heard on the application to probate. On a subsequent application to probate C would have no reason to file a caveat, since the judgment was favorable to him, and B could not in the same proceeding be both the petitioner and caveator. *Miller* v. *Thorn, R. M. Charlton*, 180; *Benjamin* v. *Gill*, 45 *Ga.* 110; *Haley* v. *Atlantic National Fire Insurance Co.*, 151 *Ga.* 158 (106 S. E. 122); *Langford* v. *Johnson*, 46 *Ga. App.* 444 (3) (167 S. E. 779). Thus a caveat could never be filed; and if the order denying probate was not an adjudication of the issue devisavit vel non, it would not constitute a judgment of the court of ordinary, and for that reason an appeal therefrom to the superior court would not lie. Thus we would have an undeniably valid will devising an estate to B, but he would never secure the estate, for the reason that such a rule of law made it impossible for him to probate the will and thereby cause it to become operative. B as the legatee of an estate would not be deprived of his legacy by any statute enacted by the lawmakers of the State, but he would suffer that loss solely because of a theoretical ruling of the court which would violate the letter and spirit of the statute. Accordingly, in so far as *Scarborough* v. *Edgar*, supra, ruled that a caveat was necessary before the court of ordinary could adjudicate the issue of devisavit vel non on the application to probate in solemn form, that decision is expressly overruled. We do not question the correctness of the judgment there rendered. It appears that the judgment of the ordinary there involved was, not that the instrument propounded was shown by the evidence not to be a will, but that the evidence was not sufficient, and this court inferred from the language of the judgment that the subscribing witnesses were not introduced. Based upon this language of the judgment and the inference this court made therefrom, added to the petition seeking to require the executor in the same court to propound and prove the will, which alleged that the subscribing witnesses had at all times and still were available as witnesses but had never been used, this court held that the judgment of the ordinary was not an adjudication of the issue of devisavit vel non. There the attack was in

the court that rendered the judgment, and was upon grounds of invalidity that appeared on the face of the judgment. Here we have a judgment based on the evidence, valid on its face, issued by a court of general jurisdiction, and ruling expressly that the instrument propounded was not the will of A. W. Fordham. If it be said that the judgment and petition in the *Scarborough* case were not susceptible of the construction given to them by this court, the reply is that the judgment of this court is law, not on what might have been the true facts in the case, but rather on the facts as this court construed them to be. *Morrison* v. *Slaton,* 148 *Ga.* 294 (96 S. E. 422). The evidence objected to was properly admitted, and the assignments of error thereon are without merit.

In grounds 4 to 13, inclusive, of the motion for a new trial complaint is made of the ruling admitting in evidence the record of the court of ordinary showing an administration of the estate of A. W. Fordham, and a series of deeds from Fannie B. Fordham conveying to the defendant the land here involved, over the objections of the plaintiff. The questions raised in each of these assignments are controlled by the rulings just stated, and are decided adversely to the plaintiff.

■ In ground 17 error is assigned upon the court's direction of the verdict for the defendant. Timely exceptions pendente lite to this ruling were filed, and constitute the basis of this assignment of error. Courts of ordinary have original, exclusive, and general jurisdiction of the probate of wills. Code, §§ 24-1901, 113-603. A will may be probated in common form, or in solemn form, or in both. Probate in common form may be made upon the testimony of a single subscribing witness, and without notice to any one. Such probate is not conclusive, and if afterwards set aside it will not protect the executor in any of his acts except the payment of debts of the estate. Code, § 113-601. There is no provision for caveat or other objection to a probate in common form. *Hooks* v. *Brown,* 125 *Ga.* 122 (3) (53 S. E. 583); *Henslee* v. *Stamps,* 137 *Ga.* 114 (72 S. E. 898); *Johnson* v. *Ellis,* 172 *Ga.* 435 (158 S. E. 39). But if probate in common form is not set aside, it will become conclusive after seven years. Code, § 113-605. Probate in solemn form requires that the will be proved by all the subscribing witnesses in life and within the jurisdiction of the court, or by proof of their signatures and that of the testator if the witnesses are dead

or inaccessible, after due notice to all the heirs at law. Such probate is conclusive upon all parties notified and upon all legatees who are represented by the executor. § 113-602. Probate in common form affords but little protection to any one; and the executor acts at his peril under such a probate, except in the payment of debts of the estate. It does not protect the legatees in their claim of title to their legacies until the expiration of a period of seven years. Thus the administration of an estate under such a probate involves risks and uncertainties which need not be taken, and which may be avoided by probating the same will in solemn form. The application to probate in solemn form affords opportunity to all parties interested for a hearing by the court on any objection they may have to the probate of the will, and those with notice are concluded by the judgment of probate. While the caveator has the burden of proving the grounds of his caveat, the initial burden is upon the propounder to prove the testamentary capacity of the testator, and that he acted freely and voluntarily in the execution of the will. *Evans* v. *Arnold,* 52 *Ga.* 169; *Credille* v. *Credille,* 123 *Ga.* 673 (2) (51 S. E. 628, 107 Am. St. R. 157); *Slaughter* v. *Heath,* 127 *Ga.* 747 (9) (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Peale* v. *Ware,* 131 *Ga.* 826 (3) (63 S. E. 581); *Oxford* v. *Oxford,* 136 *Ga.* 589 (2) (71 S. E. 883); *Edenfield* v. *Boyd,* 143 *Ga.* 95 (84 S. E. 436); *Ward* v. *Morris,* 153 *Ga.* 421 (112 S. E. 719). On the application to probate in solemn form the will here involved, the court of ordinary rendered judgment that the instrument propounded was not the will of A. W. Fordham. Since the court of ordinary is a court of general jurisdiction, all proceedings essential to a valid judgment will be presumed. *Barclay* v. *Kimsey,* 72 *Ga.* 725; *Harris* v. *McDonald,* 152 *Ga.* 18 (108 S. E. 448). The judgment denying probate was an adjudication that the document propounded was not the will of A. W. Fordham. From this judgment an appeal to the superior court could have been taken; and since there was no appeal, the judgment became final and is conclusive.

An attack upon this judgment was made by the plaintiff on the grounds that the heirs were not served as required by law. Much evidence giving names and addresses of various relatives of A. W. Fordham and Fannie B. Fordham was introduced by the plaintiff, and it is contended that these relatives were heirs who were not served as required by law. The fallacy of this argument lies in the

fact that the uncontradicted evidence shows that Fannie B. Fordham was the wife of A. W. Fordham, that they had no children, and that she survived him, thus showing that the sole heir at law was Fannie B. Fordham, who as executrix of the will made the application to probate it in solemn form. In these circumstances it could hardly be said that she was without notice of the proceeding, and it should be noted that she is making no complaint of lack of service on her. Furthermore, the statute provides that the executrix, Mrs. Fannie B. Fordham in this case, shall represent all of the legatees in the proceedings to probate; and thus it appears that all the parties interested had all the notice and service which the law requires. Since no instrument intended as a will can become operative until it has been probated, and since the plaintiff's cause of action was entirely dependent upon the alleged will, the plaintiff sought to sustain his case by the introduction of the probate in common form; but the judgment denying probate in solemn form had the effect of setting aside the probate in common form and declaring an intestacy. *Hooks* v. *Brown,* 125 *Ga.* 122 (53 S. E. 583); *Peale* v. *Ware,* supra; *Johnson* v. *Ellis,* 172 *Ga.* 435 (4) (158 S. E. 39); 68 C. J. 1246, § 1104. It necessarily follows that the plaintiff had no case, and the verdict against him was demanded by the evidence. He could not prove the alleged will in the superior court, for such proof must be made in the court of ordinary. *Sperber* v. *Balster,* 66 *Ga.* 317 (2). Accordingly, the verdict in favor of the defendant was properly directed by the court, and this assignment of error is without merit.

■ In grounds 14, 15, and 16 complaint is made because of the court's ruling admitting certain documentary evidence and the testimony of certain witnesses offered by the defendant. Regardless of whether the evidence objected to was admissible, its admission will not require a reversal of the judgment, for the reason that, independently of the evidence referred to, the court properly directed the verdict under the evidence which was clearly admissible. *Alaculsey Lumber Co.* v. *Flemister,* 146 *Ga.* 310 (5) (91 S. E. 104).

■ The verdict was not without evidence to support it. The general grounds of the motion for new trial are without merit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*