## OGBURN *v.* JONES.

ATKINSON, J.  1. In an action to recover land, where the defendant pleaded that one of the deeds under which the plaintiff claimed title, which was based on a nominal consideration and natural love and affection, was invalid as a conveyance, and prayed to have the same set aside on the ground of alleged imbecility of the grantor and fraud of the grantee, who was a near relative of the grantor and who was alleged to have exercised undue influence in procurement of the deed, it was competent to show that the grantor, three years prior to the making of the alleged conveyance, in explaining why she built a house on the land in a particular way, stated that it was because the grantee wanted it that way, and that the land was his after her death.  See, in this connection, *Williamson.* v. *Nabers*, 14 *Ga.* 286.

2. The grantor was a married woman who had no children.  The grantee was her nephew and had been reared by her, and the deed purported to be merely voluntary or based on a nominal consideration.  The reasonableness of the disposition which the grantor was making of her property was material for consideration, on the question of mental capacity and of fraud of the grantee in procuring the deed.  It was not error, under these circumstances, to admit testimony to the effect that at the time of making the deed the grantor had other property.

3. "The rejection of a certain part of a witness's testimony will not require a new trial where it appears from the brief of evidence that in another part of his testimony the same witness delivered substantially the same testimony." *Luke* v. *Hill*, 137 *Ga.* 159 (3), 162 (73 S. E. 345, 38 L. R. A. (N. S.) 559).

4. The defendant was the husband of the grantor and the administrator of her estate, and sought to cancel the deed on the ground indicated in the preceding notes. Evidence to the effect that the grantor had stated that she thought that she was about to be sued, and thought it best to put the deed in the name of the grantee to avoid judgment in the suit, was inadmissible in behalf of the defendant.

5. The evidence authorized the verdict, and there was no error in refusing a new trial.        *Judgment affirmed. All the Justices concur.*
                SEPTEMBER 18, 1914.

Complaint for land. Before Judge Rawlings. Jefferson superior court. January 11, 1913.

*Evans & Evans* and *Phillips & Phillips,* for plaintiff in error.

*Hines & Jordan* and *R. N. Hardeman,* contra.