CHEDEL, guardian, etc., *v.* MOONEY *et al.*

PER CURIAM. The plaintiff in error filed a caveat to the petition for probate of a will, and the issues made by the petition and the caveat were tried, on appeal, in the superior court. A verdict having been returned in favor of the propounders, setting up and establishing the paper offered

for probate as the last will of the testator, the caveator made a motion
for new trial, which was overruled.

1. At the close of the evidence for propounders, counsel for the propound-
ers moved the court that witnesses for the caveator be sequestered. This
was opposed by counsel for the caveator, on the ground that the motion
came too late. The court ordered that the witnesses for the caveator
be sequestered. *Held*, that this was not error. Civil Code, § 5869;
*Blitch-Everett Co.* v. *Jackson*, 29 *Ga. App.* 440 (116 S. E. 47).

2. A witness was permitted to testify, over objection, that "The time I was
there she often spoke of her will, her and the doctor both; they spoke
of it to me several times." Q. "Did she mention what time it was?" A.
"She told me more than one time that her will was in her own box
sitting on the sideboard. . . She told me on more than one occasion
that she wanted Lewis Johnson's wife and children to have her home
place after Dr. Chedel's death; she wanted Dr. Chedel to have a home as
long as he lived." The testimony here quoted relates to conversations
of the witness with the testatrix at a time prior to the execution of the
will offered for probate, and it was objected to on the ground that it was
irrelevant and immaterial, the conversations being in regard to a will of
the testatrix made at a time prior to the execution' of the last will and
testament. The objection was overruled. *Held*, that the evidence was
not inadmissible on the ground that it was irrelevant and immaterial.
The caveat was based in part upon the ground of lack of testamentary
capacity and undue influence upon the part of the executrix, who was
a beneficiary under the will; and a part of the evidence objected to
showed an anticipated disposition of a part of the property in a particu-
lar way consistent with the provisions in the will now offered for
probate.   "Parol evidence of a testator's previous declarations is ad-
missible when offered, not to explain, alter, or contradict the will, but
simply to show, as presumptive evidence of testamentary capacity, long-
continued expressions of a purpose to dispose of his property in a
particular way. For the same reason, such evidence of repeated dec-
larations, manifesting a long-continued purpose, is admissible, to rebut
the presumption of undue influence." *Williamson* v. *Nabers*, 14 *Ga.* 286.
This case is cited with approval in *Ogburn* v. *Jones*, 142 *Ga.* 360 (82
S. E. 1070).   See also 1 Williams on Executors (6th Am. ed.), 74,
note (d).

3. The court did not err in excluding the testimony of a witness, in sub-
stance, that when he was first introduced to the testatrix by her husband,
the latter, in the presence of his wife, said, "You will have to excuse my
wife, because her mind is not right." Though it appears that the wife
made no denial of the truthfulness of this declaration, it was not ad-
missible under the provisions of section 5782 of the Civil Code, to the
effect that "Acquiescence or silence, when the circumstances require an
answer or denial or other conduct, may amount to an admission." If
the testatrix, at the time this statement was made in her presence and
in a tone of voice loud enough for her to hear it, was actually insane,
she was not required to make a reply. And if she was not insane, the
statement of her husband was untrue. And besides, the circumstances
did not require an answer or denial; the wife was not called upon to en-

ter upon a controversy with her husband in the presence of a perfect stranger as to her mental condition.

4. Where a jury in a civil case is permitted to disperse during a recess of the court, with the knowledge of counsel, and no objection is raised, and no evidence is submitted of any attempt to influence their verdict, or of any improper conduct, a new trial will not be granted on this account. *Camp Lumber Co.* v. *Strickland,* 144 *Ga.* 445(4) (87 S. E. 413); *Deen* v. *Wheeler,* 7 *Ga. App.* 507 (67 S. E. 212).

5. The court did not err in admitting evidence tending to show the intimate relation between the testatrix and another family,—a relation commencing twenty-five years before the trial of this case, where a member of the family last referred to was a witness for the propounders, testifying to the mental capacity of the testatrix, and that she had known her more or less intimately for a long period of time. The evidence tended to illustrate the opportunity of the witness for the propounders, who testified as to the mental condition of the testatrix, to form an opinion of the mental condition of the latter.

6. Upon objection of counsel, the court excluded the testimony of a witness for the caveator, which related to a correspondence between the witness and the husband of the testatrix (who is the uncle of the witness) after the death of testatrix, in the course of which the witness had written to the testatrix's husband, offering to return to him if he needed her, but that she had received a letter which purported to come from her uncle, saying that she need not come, but which letter as a matter of fact, she offered to testify, had not been written by her uncle but by the nominated executrix of the will, who was also a beneficiary under its provisions. *Held,* that it was not error to reject this evidence. The letter itself was the best evidence, and it was not offered. And while it was stated by counsel that it had been lost or destroyed, there was no evidence to show diligence in search for the same; and besides, the letter was not of sufficient materiality, having been written long after the execution of the will, to render it admissible. "It was not such a circumstance as to make up a chain of undue influence, the effect of which was to throw light on her [the executrix's] conduct at the time the will was made." '

7. The court properly excluded evidence of a conversation had by the witness with the husband of the testatrix, after the death of the latter, in reference to the conduct of the executrix towards the husband of the testatrix. The evidence as to the sayings of the husband was hearsay.

8. The court did not err in refusing to permit a witness for caveator to testify that after the death of the testatrix the executrix would not permit the witness to see the husband of the testatrix. The evidence was immaterial and irrelevant.

9. In another ground of the motion for new trial movant complains that the court at the close of the evidence, which was a half hour before adjourning time at midday, refused to allow the caveator time to investigate the tax returns that had been introduced. All the circumstances considered, as set forth in this ground of the motion, show no abuse of discretion on the part of the court in refusing the request of the caveator for an allowance of time.

10. The caveator requested the court to charge the jury as follows: "Undue

influence may be exerted by physical coercion, by importunity, or by threats of personal harm and duress. But a more common kind of undue influence than this is where the mind and the will of the testatrix have been overpowered and subjected to the will of another, so that while the testatrix appeared to execute willingly and intelligently, it was really the will of another, induced by the paramount influence exercised upon a weak or impaired mind. Such a will may be procured by working upon the fears or the hopes of a weak-minded person, by artful and cunning contrivances, by constant pressure, persuasion, and effort, so that the mind of the testatrix is not left free to act intelligently and understandingly. A pressure of whatever character, whether it acts on the fears or on the hopes of an individual, is, if so exerted as really to overpower the volition, a species of restraint under which no valid will can be made." The court properly refused to give this instruction as written, on the ground that it was argumentative and contained an expression of opinion.

11. Error is assigned upon the refusal of the court to give the following in charge to the jury: "Though a person has a right and it is lawful for him to move a testator to make him his executor, or give his goods, even when the testator is a person of weak judgment and easily to be persuaded and the legacy great, yet, if in such case a person does so move a testator, a very strong presumption arises that the moving is of a sort not right or lawful, a presumption only to be rebutted by him, by his bringing forward something sufficient to show the will to be such as a person of average mind, morals, and family love might be supposed willing to make." Though this language was taken from a decision by this court, the court properly refused to give it. It is not always proper for the court to charge the jury in language used in one of the decisions of the court. Sometimes the language is argumentative, and sometimes it merely expresses the opinion of the judge delivering the opinion, where it is not precisely upon an issue presented in the record.

12. The executrix, one of the chief beneficiaries under the will, was a sister of the testatrix. Other beneficiaries were children of her other sisters. Provision is also made in the will for a legacy to the husband, though it is smaller in value than the legacy to the sisters. Such being the relationship of the beneficiaries to the testatrix, though the husband was the caveator, the court did not err in refusing to charge the jury in the language of section 3832 of the Civil Code, which relates to the powers of testators.

13. The evidence authorized the verdict in favor of the propounders, setting up and establishing the paper offered for probate as the last will and testament of the named testatrix.

*Judgment affirmed. All the Justices concur.*

No. 4193.    MAY 13, 1924.

Appeal. Before Judge Hodges. Oglethorpe superior court. December 15, 1923.

Mrs. M. E. Mooney and Louis Johnson, as the nominated executrix and executor, filed in the court of ordinary of Oglethorpe County a petition for probate in solemn form of the last will and

testament of Alice H. Chedel, deceased. B. Chedel, the husband of the deceased, by and through L. J. Chedel and Mrs. Harry Rose, as next friends, filed a caveat thereto; and while the case was pending in the court of ordinary, B. Chedel was adjudged incompetent to manage his affairs, and L. J. Chedel was appointed guardian of his person and property. Subsequently the case was appealed by consent to the superior court; and B. Chedel having died in the meantime, an order was taken making L. J. Chedel, as guardian, caveator. Upon the call of the case for trial in the superior court the propounders presented a special demurrer to the caveat, the grounds of which were amended to meet the defects pointed out; after which the case proceeded to trial before a jury, and a verdict was returned in favor of the propounders, setting up and establishing the paper offered for probate as the last will of Alice H. Chedel. The caveator filed a motion for new trial, which was overruled, and he brought the case by writ of error to the Supreme Court.

*Joel Cloud, Hamilton McWhorter Jr., E. P. Shull,* and *John J. Strickland,* for plaintiff in error.

*W. M. Howard, Tutt & Brown,* and *W. W. Armistead,* contra.