WHITEHEAD *v.* MALCOM *et al.*

ATKINSON, J. 1. One ground of the motion for new trial alleges that the judge erred in charging the jury: "The written instrument executed by the deceased, B. C. Langford, is not a will but is a deed, and a deed is a contract. The law ordinarily requires more strength of mind, more

intellect, to make a contract than to make a will. A man may be unable to transact business or lack the mental capacity to contract, and still have sufficient capacity to make a will." This part of the charge was alleged in the motion for new trial to be erroneous, because "it unduly emphasized the amount of mental capacity to make a contract, by comparing such capacity with the legal ability to make a will, and unduly impressed the jury with the great amount of mental capacity necessary to make a contract, and caused them to believe that a great amount of capacity was necessary to make a contract, when the law is that such capacity need be only so much as gives to the party a clear and full understanding of his acts and the consequences thereof relative to the contract and the subject-matter thereof." *Held*, that the charge was not erroneous for the reason assigned.

2. It is no valid ground of criticism upon a charge, correct and proper in itself, that it fails to state some other rule or principle of law pertinent to the issues of the case. *Powers* v. *State*, 138 *Ga.* 624 (75 S. E. 651) ; *Grant* v. *State*, 152 *Ga.* 252 (109 S. E. 502) ; *Smith* v. *Duhart*, 152 *Ga.* 554 (110 S. E. 301). The charge: "The following persons can not generally make a valid contract: infants, insane persons, and drunkards," was a correct statement of the law (Civil Code, § 4232), and consequently it was not a good criticism of such charge that the court did not in the same connection charge: "That if the deceased, B. C. Langford, was found to be insane at times prior to the execution of the deed in question, yet his deed would be binding on him and his heirs if same was executed during a lucid interval, if he had such intervals."

3. The judge charged: "The real question for you to determine is whether or not B. C. Langford, *at the time he executed the deed in question* [italics ours], had sufficient mind and reason equal to a clear and full understanding of his act; and after applying the rules of law that I have given you in charge to the testimony adduced on the trial of the case, if you find he had sufficient mind and reason equal to a clear and full understanding of his act, then the plaintiffs would not be entitled to recover. If on the other hand you find that he did not have sufficient mind and reason equal to a clear and full understanding of his act, then the plaintiffs would be entitled to recover." Having thus restricted mental incapacity as cause for setting aside the paper to "the time he executed the deed in question," the omission to charge particularly "that an insane person could during a lucid interval make a binding contract," furnishes no ground for a reversal of the judgment refusing a new trial. If the movant desired such particular instruction, an appropriate request should have been made. *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (4) (64 S. E. 680) ; *Edenfield* v. *Boyd*, 143 *Ga.* 95 (2) (84 S. E. 436).

4. The court charged: "In case of doubt as to the extent of mental weakness, the reasonable or unreasonable disposition of the estate of the deceased may be considered by the jury." *Held*, that this charge was not erroneous, as contended, on the grounds: (a) That it assumed that a state of mental weakness existed, and only left it to the jury to define the extent of the weakness. (b) That it assumed mental weakness as

a fact, and was an expression of opinion that a state of mental weakness existed at the time of the execution of the deed.

5. The fifth ground of the motion for new trial is: "Because the court in this connection failed to instruct the jury in substance that weakness of mind, if found to exist, not amounting to imbecility, was not sufficient to set aside the deed in the absence of fraud or undue influence." Even if this ground could be construed to refer to the instruction embraced in the preceding ground, upon the principle stated in the fourth headnote the failure of the court to give the instruction as contended by the movant was not error.

6. While charging on the subject of the mental capacity of the maker of the instrument, the judge instructed the jury: "It is proper for the jury to enquire whether the provisions in the deed in question are just and reasonable, and whether they accord with the state of the grantor's family relations or the contrary, and the source from which the property disposed of came into defendant's possession may be considered by the jury." There was evidence tending to show that the property described in the instrument constituted the most valuable part of the property of the maker; that his children had grown up and no longer lived under the parental roof, but their relations with their father were good, and if the paper should stand they would be excluded from participation in the distribution of the property described in the instrument; that the land described in the instrument was the property of the maker, and it did not appear that it was derived from his wife. *Held:*

(a) Where a suit is brought for construction of a paper to determine whether it is testamentary in character or a deed, and to cancel the paper on the ground of mental incapacity of the maker to execute a will or deed, the reasonableness or unreasonableness of the disposition of the property made by the terms of the paper is a legitimate subject of consideration in determining the issue as to the mental capacity of the maker. *Holland* v. *Bell,* 148 *Ga.* 277 (1 *a*) (96 S. E. 419); *Penn* v. *Thurman,* 144 *Ga.* 67 (3) (86 S. E. 233); *Ogburn* v. *Jones,* 142 *Ga.* 360 (2) (82 S. E. 1070).

(b) The portion of the above charge, to wit, "and the source from which the property disposed of came into defendant's possession," was not erroneous on the ground that there was no evidence upon which to base the same, the paper itself disclosing the source of the defendant's possession.

(c) Applying the foregoing principles, the above quoted charge was applicable to the case as made by the pleadings and evidence.

7. The court having charged as indicated by the excerpt from the charge quoted in the third division, the seventh ground of the motion for new trial is not supported by the record, it being complained in that ground that the court omitted to charge certain matters which the above-mentioned excerpt shows were substantially given in charge to the jury.

8. Applying the principles stated in the third division, the charge: "To constitute a valid contract there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject upon which it can operate," stated a correct principle of law applicable to the case, and it was not a good

criticism upon that charge to allege that the court omitted to charge other principles of law that were not embodied in the charge.

9. The exception to the charge in its entirety, upon the ground that it emphasized the case of the plaintiff by charging the law applicable to the plaintiff's contentions more than it did the law as relating to the contentions of the defendant, is without merit.

10. The evidence, though conflicting, was sufficient to support the verdict for the plaintiff, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*

No. 4545. SEPTEMBER 17, 1925.

Equitable petition. Before Judge Hodges. Barrow superior court. July 3, 1924.

*G. A. Johns,* for plaintiff in error.

*H. H. Chandler* and *Richard B. Russell Jr.,* contra.