### 18666.   LAMP *v.* THE STATE.

Decided March 7, 1928.

*Claxton & Cook, E. L. Stephens, T. E. Hightower,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

Luke, J. It is well settled that the jury has the right to believe a part of the defendant's statement and to reject all other parts, and that if any part of the statement authorizes a charge on the law of manslaughter, such a charge should be given by the court. In the instant case the defendant, in his statement to the jury, said that when he met the deceased at the time of the killing, the deceased, without any provocation from the defendant, said to him: "You are a God damn lie and a son of a bitch; I'll cut your God damn throat;" that immediately thereafter the deceased advanced upon him with a knife in his hand, and he (the defendant) shot and killed the deceased. The jury were authorized to reject everything else said by the defendant in his statement, and to find that this sudden and unprovoked assault by the deceased and his profane and insulting language, directed at the defendant, were sufficient to excite a sudden and violent passion in the defendant's breast and to cause him to kill the deceased without any malice, either express or implied. The Supreme Court's ruling that in the former trial there was no evidence as to mutual combat (164 *Ga.* 57, 137 S. E. 765) is not contrary to this holding. There have been scores of legal convictions of voluntary manslaughter in cases where mutual combat was not involved.

The defendant has been twice convicted, once for murder and now for manslaughter. There is sufficient evidence to authorize the conviction, and the grounds of the motion for a new trial show no reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*