### 23369. BROWN *v.* MAYOR AND COUNCIL OF ATHENS.

SUTTON, J. 1. Even if testimony was illegal and incompetent and should not have been admitted in evidence, the grounds of the motion for a new trial complaining of its admission do not show that any objection to it was made in the trial court. "To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court." *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325); *Central of Ga. Ry. Co.* v. *Anderson*, 43 *Ga. App.* 189, 190 (158 S. E. 333).

2. There was no error in charging the jury that "The standard of care and diligence required by law of both the plaintiff and the defendant in this case is the same, and that is ordinary care and diligence," and that "The standard of ordinary diligence is invariable." These were correct principles of law. Especially was this not error where the court immediately in connection therewith charged the jury that the degree of diligence in each case was a question for the jury under the circumstances of the case, that what is ordinary diligence must depend upon the circumstances of each case, that it is a relative and not an absolute term, and that the care of a prudent man varies according to the circumstances, dependent upon the degree of danger. Civil Code (1910), § 3471; *Central R. &c. Co.* v. *Ryles*, 84 *Ga.* 420, 430 (11 S. E. 499).

3. The plaintiff alleged that she was free from fault and that she was injured by reason of the defendant's negligence in maintaining a sidewalk three or four feet above the street level and not having barriers or railing around the same, or any light there at night so that persons would not fall or step off the same onto the street below. The defendant pleaded that it was not negligent, that it had taken all the precautions necessary, and that plaintiff's injuries were the result of her own failure to exercise ordinary diligence. Plaintiff testified that she did not know the sidewalk was so far above the street at the place where she stepped off, and that by reason of the fact that no light was there she could not see that there was a high step off at this place. If these facts were to be believed, the plaintiff was free from fault. There was evidence that this place was sufficiently lighted, so that plaintiff could have seen that the sidewalk was above the level of the street at this place, and that there were steps there that she could have used in getting into the street from the sidewalk. There was no specific plea averring that the plaintiff's injuries were due to an accident. The jury were instructed that if they believed that the injury to the plaintiff was caused by a pure accident and the plaintiff and the defendant were both free from fault, the plaintiff could not recover. It is contended that this charge was error because there was no plea of accidental injury and because under the facts of the case accident was not involved. There was evidence to sustain a finding by the jury that neither the plaintiff nor the city was lacking in ordinary care. This being so, the theory of accident was involved in the case, and it was not error to give an instruction thereon. While there was no specific defense of accidental injury in the case, and the judge would not have been compelled to give this defense in charge to the jury, certainly not in the absence of a written request, he had the right to do so. *Holliday* v. *Athens*; 10 *Ga. App.* 709 (5, 6) (74 S. E. 67).

4. The court did not err in charging the jury that "If the plaintiff by ordinary care could have avoided the consequences to herself caused by the defendant's negligence, if you find that the defendant was negligent, she is not entitled to recover," in that the court should have gone further and charged the jury that "The duty, however, imposed by law upon all persons to exercise ordinary care to avoid the consequence of another's negligence does not arise until the negligence of such other is existing and apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." The charge complained of stated a correct applicable principle of law, and if the defendant desired the above quotation given in charge to the jury, she should have requested the court to give it. Civil Code (1910), § 4426; *Roach* v. *State*, 157 *Ga.* 112 (120 S. E. 771); *Whitehead* v. *Malcolm*, 161 *Ga.* 55 (2, 3) (129 S. E. 769); *W. & A. R. Co.* v. *Bowen*, 31 *Ga. App.* 32 (119 S. E. 426); *Howard* v. *Georgia Ry. &c. Co.*, 35 *Ga. App.* 273 (5) (133 S. E. 57).

5. Under the principles laid down above, none of the other assignments of error, which relate to excerpts from the charge of the court, show error. The charge of the court as a whole was full, fair to both parties, and correct. The verdict of the jury in favor of the defendant was supported by evidence, and the evidence did not demand a verdict for the plaintiff;

and the court did not err in overruling the plaintiff's motion for new trial. *Judgment affirmed, Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 6, 1933.

*Dorsey Davis, Carlisle Cobb, Shackelford & Shackelford,* for plaintiff.

*Lamar G. Rucker,* for defendant.