19886. KNOX *v.* KNOX *et al.*

HAWKINS, Justice. Mrs. Lena B. Knox, at age 81, executed a will on June 29, 1951, leaving all of her estate to six of her nine children in equal parts. Her entire estate consisted of a sixty-percent individual interest in ten apartment houses and two small lots adjacent thereto, all located in Atlanta, Fulton County, Georgia. The children named as beneficiaries in the will were Mrs. T. M. (Lena) Cassels, Mrs. Suzanne Knox Sheppard (Shepherd), Mrs. C. W. (Evelyn) Powell, Fitzhugh

Knox, (Jr.), Olmstead Knox, and John (S.) Knox. The other three children named in the will but not made beneficiaries were the caveators, namely, Blodgett Britton Knox, Mrs. T. L. (Jennie Knox) Barber, and Inman H. Knox. Inman H. Knox died during the litigation, and by order of court Blodgett Britton Knox, as executor of his estate, was named as caveator in his stead.

Mrs. Lena B. Knox died January 26, 1956. John Knox and Mrs. Suzanne Knox Shepherd were named in the will as executor and executrix. Mrs. Shepherd renounced her appointment as such, and John S. Knox proceeded as propounder to probate the will in solemn form in the Court of Ordinary of Fulton County, Georgia. The caveat set forth five different grounds, namely, (1) lack of testamentary capacity, (2) undue influence, (3) fraud, (4) misrepresentations, and (5) mistake of fact. The caveat was tried before the ordinary, who rendered a decision ordering the will probated in solemn form, and appointed John S. Knox as executor, who thereupon qualified as such. The caveators filed an appeal to the superior court, which appeal was tried before a jury, and the jury returned a verdict in favor of the caveators. At the close of the evidence in the superior-court trial, plaintiff in error moved for a directed verdict in his behalf on each and every ground of the caveat, which motion was denied.

In due course plaintiff in error filed a written motion for judgment in his behalf notwithstanding the previous verdict of the jury and judgment of the court, which motion alleged the previous oral motion for a directed verdict made at the close of the evidence in said case, which the court declined to grant. In said written motion for judgment, plaintiff in error, in the alternative, moved for a new trial on the general ground. Thereafter, an amendment to the motion for new trial was filed, adding to the general grounds thereof eight special grounds, one of which, ground numbered 10, has been abandoned.

The motion for new trial as amended and the motion for judgment notwithstanding the verdict were denied, and error is assigned on the denial of both motions. *Held:*

1. It is conceded by counsel for plaintiff in error that, if there was sufficient evidence to sustain any one of the five grounds of the caveat, then the propounder was not entitled to a directed verdict and hence the motion for judgment notwith-

standing verdict would have properly been denied, and they ask the court, in passing on this point, to consider special grounds of the amended motion for a new trial Nos. 3, 4, 5, 6, and 7, and their discussion thereof. It is contended in these five grounds that the trial court erred in submitting to the jury the issues of testamentary capacity, undue influence, fraud, misrepresentations, and mistake of fact, because there was no evidence to support any ground of the caveat. In *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824), this court said: "But this court does not pass on the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." The evidence adduced on the trial of this case appears on pages 95 through 759 of the record, and has been carefully reviewed by this court, as requested by counsel for both plaintiff in error and defendants in error. There is some evidence to support each ground of the caveat. It was therefore not error for the trial judge to submit to the jury each issue raised by the caveat, and to overrule special grounds 3 through 7 of the motion for a new trial, and to deny the motion for judgment notwithstanding the verdict. Neither can this court hold that it was error to overrule the general grounds of the motion for new trial.

2. Special ground 8 of the motion for new trial assigns error on the following excerpt from the charge of the court: "The testimony has taken a very wide range as to time. Evidence as to facts and circumstances about other times, both before and after, may be considered by you for what light, if any, that evidence may throw upon this particular time. You may consider the evidence as to facts and circumstances before and after throws much light as to this particular time; you may consider it throws little light. It is for you to say as to what light, if any, the evidence as to times, both before and after, throws on the time as to which you are to inquire." Immediately preceding this portion of the charge, the judge specifically instructed the jury that the issues in the case

related themselves to June 29, 1951, the date of the paper offered for probate, "That is, the issue as to testamentary capacity, mental capacity, relates itself to mental capacity at that time; the issue as to undue influence relates itself to undue influence at that time; the issue of fraud relates itself to alleged fraud at that time; the issue of misrepresentations relates itself to the operation of the alleged misrepresentations at that time; and the issue of mistake relates itself to the operation of a mistake at that time." It is contended in this ground of the motion that the charge given correctly stated the law as to the issues of testamentary capacity and undue influence, but was erroneous in that it authorized the jury to consider facts and circumstances occurring after the execution of the will in passing upon the issues of fraud, misrepresentations, and mistake of facts. Construing these two portions of the charge together, it is not subject to the criticism made.

3. Special ground 9 of the motion for a new trial assigns error upon the following excerpt from the charge of the court: "Where the issue is mental incapacity of the maker of a will or undue influence, it is proper to inquire whether the provisions of the will are just and reasonable and in accord with the state of the testator's family relations or contrary thereto. . . . In considering the issue of undue influence, it is proper for you to consider, should the evidence disclose it, the motives and feelings of the testatrix; her strength or weakness of character; her manner and conduct; her mental and physical condition at the time the alleged will was made; her confidential, family, social and business relations; the reasonableness or unreasonableness of the will; and generally every fact in the evidence before you which will throw any light on this issue." It is insisted that this charge was erroneous and unsound as an abstract principle of law, in that in effect it instructed the jury that, in considering the question of undue influence, they had a right to consider the reasonableness or unreasonableness of the will, movant contending that the court should have qualified the charge in this respect by instructing the jury that only in case of doubt as to the existence of undue influence could they consider the reasonableness or unreasonableness of the disposition of the estate. Each of the cases cited by counsel for the plaintiff in error in support of this ground of the motion (*Whitfield* v. *Pitts*, 205 *Ga.* 259, 53 S. E. 2d 549; *Griffin* v. *Barrett*, 183 *Ga.* 152, 187 S. E. 828;

*Dyar* v. *Dyar,* 161 *Ga.* 615, 131 S. E. 535; and *Thompson* v. *Ammons,* 160 *Ga.* 886, 129 S. E. 539) deals with this question as applied to mental capacity, and the ground of the motion itself discloses that as to that phase of the case the trial court correctly instructed the jury in accordance with the contentions of the plaintiff in error. As to the issue of undue influence, this court, in *Galloway* v. *Hogg,* 167 *Ga.* 502, 526 (146 S. E. 156), said: "It is undoubtedly true that where a will is attacked upon the grounds of the mental incapacity of the testatrix, and of undue influence in the procurement of it, it is always proper to inquire whether the provisions of the will are just and reasonable, and in accord with the state of the testatrix's 'family relations or the contrary.' *Evans* v. *Arnold,* 52 *Ga.* 169 (4); *Ogburn* v. *Jones,* 142 *Ga.* 360 (2) (82 S. E. 1070); *Penn* v. *Thurman,* 144 *Ga.* 67 (3) (86 S. E. 233); *Holland* v. *Bell,* 148 *Ga.* 277 (96 S. E. 419); *Whitehead* v. *Malcom,* 161 *Ga.* 55, 57 (6a) (129 S. E. 769)." In other portions of the charge the court specifically instructed the jury: "If the testator has sufficient capacity, a jury cannot lawfully set aside the will merely because they may think it unjust or unreasonable." After stating that a person possessed of testamentary capacity, if exercised freely and voluntarily, has a right to make a will, the court further instructed the jury that "this right cannot be taken away from him, notwithstanding it might appear in a particular case that his will was not the kind the jurors or judges believed they would have made under all the circumstances that surrounded him, had they been in his place." Considering the charge here complained of in connection with the charge as a whole, it is not erroneous for any reason assigned. The charge of the court appearing in the record consists of 39 typewritten pages; it is a full, clear, comprehensive, and able charge as to the issues raised by the pleadings, the evidence, and the law applicable thereto.

4. Applying the foregoing rulings, the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 12, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

682

*Welborn B. Cody, Thomas C. Shelton, Jack Paul Etheridge, Smith, Kilpatrick, Cody, Rogers & McClatchey,* for plaintiff in error.

*Wm. G. Grant, Robt. W. Spears,* contra.