38081. CARTER *v.* CHAMBLISS.

DECIDED APRIL 12, 1960.

*Martin, Snow, Grant & Napier,* for plaintiff in error.

*S. Gus Jones, Neal D. McKenney,* contra.

NICHOLS, Judge. 1. Special ground numbered 4 of the amended motion for new trial complains that the excerpt from the charge quoted as "A" was in irreconcilable conflict with the excerpt quoted "B," and special ground 6 complains that the excerpt quoted as "A" was error because it failed to include the requirement of the quoted ordinance that the plaintiff's deceased husband have his vehicle under "instant control."

It is obvious that the excerpts were intended to be mere converse statements of the same rule, and while the excerpt quoted

as "A" does not refer to the "instant control" requirement of the ordinance, since the court was there charging the jury when the violation of such ordinance *would not* estop the plaintiff from recovering, the omission, if error, was harmless to the defendant since it was favorable to him, and while such excerpt is not as complete as the charge in the excerpt quoted as "B" the charge complained of is not in conflict with that quoted as "B" as contended by the defendant.

2. Special ground 5 complains that the excerpt quoted as "B" in the statement of facts in effect nullifies the quoted city ordinance because the charge in effect instructed the jury that drivers of vehicles headed north on Walnut Street had to obey the ordinance to slow down to 5 miles per hour and have their vehicles under instant control *only* when the electric traffic signal was showing green toward them.

It is impossible for the court to see any merit in the defendant's contention in this ground of the amended motion for new trial, for certainly the defendant does not seriously contend that if the electric traffic signal facing one going north on the street in question was red such person could slow down to 5 miles per hour, have his vehicle under "instant control," and then proceed across the boulevard with impunity, and this is the only assignment of error on the charge as to why it allegedly nullified the ordinance.

The charge complained of here is palpably free of the error complained of for the only interpretation that could be placed on such instruction by the jury is: While Joe Chambliss was required to stop if the electric traffic signal was showing red toward him, *even if it was green* he was required to slow down to 5 miles per hour, etc. Accordingly, this ground of the motion for new trial is without merit.

3. " 'As was said by the Supreme Court in *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824), "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new

trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." See also *Knox* v. *Knox*, 213 *Ga.* 677, 679 (101 S. E. 2d 89).' *Canal Ins. Co.* v. *Winge Bros.*, 97 *Ga. App.* 782, 787 (104 S. E. 2d 525)." *Halpern* v. *Strickland*, 98 *Ga. App.* 890, 891 (107 S. E. 2d 227).

The evidence adduced on the trial in the case sub judice was conflicting, and while the members of this court, if sitting on the jury, may not have returned the verdict found, it cannot be said that the verdict for the plaintiff was not authorized where there was evidence that the plaintiff's husband was crossing an intersection with a green traffic signal and the vehicle being driven by him was struck by the vehicle being driven by the defendant while crossing the intersection against a red traffic signal. Whether the witnesses who testified to these facts were successfully impeached was a question for the jury's determination, and where, as here, their determination of such facts has been approved by the trial judge, such findings cannot be overturned by either the general grounds of the motion for new trial or of the motion for a judgment non obstante veredicto.

*Judgments affirmed. Felton, C. J., and Bell, J., concur.*