41204.   WARD et al. v. BENGE.

ARGUED MARCH 2, 1965—DECIDED APRIL 6, 1965.

*W. E. Mull*, for plaintiffs in error.
*Buckner F. Melton, O. L. Crumbley*, contra.

NICHOLS, Presiding Judge. ■ The assignments of error complaining of rulings on demurrer are not argued, and the special grounds of the amended motion for new trial neither being argued nor insisted upon are treated as having been abandoned.

■ The sole remaining question is whether the evidence authorized the verdict.

" 'As was said by the Supreme Court in *Adler v. Adler*, 207 Ga. 394, 405 (61 SE2d 824), "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." See also *Knox v. Knox*, 213 Ga. 677, 679 (101 SE2d 89).' *Canal Ins. Co. v. Winge Bros.*, 97 Ga. App. 782, 787 (104 SE2d 525). *Halpern v. Strickland*, 98 Ga. App. 890, 891 (107 SE2d 227)." *Carter v. Chambliss*, 101 Ga. App. 494, 496 (114 SE2d 306).

The evidence adduced on the trial of the case was voluminous, consisting of some 108 pages, and it would indeed serve no useful purpose to set forth such evidence in detail. Suffice it to say that, except as to the evidence that the prior proceeding complained of had terminated in favor of the defendant which was undisputed, most of the evidence for both the plaintiff and the defendants was subject to being considered impeached by the jury because of the sharp conflict between the evidence adduced by the parties. The jury was authorized to find that the three ingredients necessary for a recovery for malicious use of legal process existed: "(1) Malice; (2) Want of probable cause; and (3) That the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought." *Williams v. Adelman,* 41 Ga. App. 424, 427 (153 SE 224), quoting from *Fryer v. Morrison,* 32 Ga. App. 312 (123 SE 40). Accordingly, the trial court did not err in overruling the defendants' motion for new trial.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*