**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 6, 2017**

# In the Court of Appeals of Georgia

A17A0091. SLOSBERG v. GILLER et al.

A17A0092. GILLER et al. v. SLOSBERG.

RAY, Judge.

This contentious case involves a dispute between the parties which arose after their elderly father revoked an existing power of attorney, executed a new power of attorney, and made changes to certain financial accounts relating to his estate-planning strategy. The son, Robert Slosberg, filed suit against his sisters, Suzanne Giller and Lynne Amy Seidner, seeking injunctive relief and asserting various claims against Giller and Seidner based on allegations that the father's actions were the product of diminished mental capacity and undue influence. In response, Giller and Seidner asserted counterclaims against Slosberg for defamation, tortious interference, declaratory judgment, and equitable relief. On the parties' cross-motions for summary

judgment, the trial court granted summary judgment to Giller and Seidner on the parties' respective claims pertaining to the validity and enforceability of the documents at issue, finding that there was "no evidence of mental incapacity on the part of [the father] or that he was under any undue influence at or near any of the pertinent times the operative documents . . . were signed by [the father]." However, the trial court granted summary judgment to Slosberg on Giller and Seidner's counterclaims for tortious interference and defamation. These cross-appeals ensued, and we consolidate the appeals for the purposes of review. For the reasons that follow, we reverse the portion of the judgment challenged in Case No. A17A0091, and we affirm in part and reverse in part the portion of the judgment challenged in Case No. A17A0092.

*Case No. A17A0091*

1. In related enumerations of error, Slosberg contends that the trial court improperly weighed the evidence and applied an incorrect legal standard when it disposed of his undue influence claim on summary judgment. Specifically, he argues that the trial court usurped the role of the finder of fact when it discredited his evidence bearing upon the issue of undue influence and limited its consideration of

the evidence to the facts and circumstances that existed at or near the time the father signed the documents. We agree.

"Undue influence which overturns an otherwise legal contract [or Will] is the exercise of sufficient control over the person, the validity of whose act is brought into question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised." (Citation and punctuation omitted.) *Cobb v. Garner*, 158 Ga. App. 110, 111 (1) (279 SE2d 280) (1981). To maintain a claim of undue influence, the requisite control must operate on the mind of the person at the time he or she is executing the document in question. See *Simmons v. Norton*, 290 Ga. 223, 224 (719 SE2d 421) (2011). However, a claim of undue influence "may be supported by a wide range of testimony, since such influence can seldom be shown except by circumstantial evidence." (Citation and punctuation omitted.) *Skelton v. Skelton*, 251 Ga. 631, 634 (5) (308 SE2d 838) (1983). Furthermore, as our Supreme Court has acknowledged, evidence as to the facts and circumstances that occurred before and after the execution of the documents at issue may be considered by the trier of fact when determining whether undue influence existed at the time the documents were executed. See *Knox v. Knox*, 213 Ga. 677, 679-680 (2) (101 SE2d 89) (1957).

Although there is sufficient evidence in the record to show that the father's actions in executing the documents may have been the logical result of Slosberg's litigiousness regarding his father's financial affairs and his increasing animosity towards Giller and Seidner, there is also evidence to show that the father was suffering from memory impairment, mental confusion, and susceptibility to influence in the months leading up to the time he executed the documents at issue. In addition to these factors, Slosberg presented evidence that Giller and Seidner made at least some efforts to control the father and isolate him from Slosberg, that Giller and Seidner took actions on behalf of the father that he did not authorize or understand, and that the father made statements to certain witnesses indicating that he felt like he was being brainwashed.

Upon our review of the transcript of the hearing on the cross-motions for summary judgment, it appears that the trial court discredited Slosberg's evidence of undue influence, adopted Giller and Seidner's theory of the case, and limited the scope of evidence to the time periods in which the father executed the challenged documents. Given that claims of undue influence can be supported by a wide range of evidence regarding the circumstances that existed both before and after the execution of the documents in question, see *Skelton*, supra, and *Knox*, supra, and

4

because the trier of fact has the duty of resolving any conflicts in the evidence, determining the credibility of witnesses, and drawing the ultimate conclusion as to the facts, see *Smith v. Tenet HealthSystem Spalding, Inc.*, 327 Ga. App. 878, 879 (1) (761 SE2d 409) (2014), the question of whether undue influence existed at the time the challenged documents were executed in this particular case is a question for the trier of fact. See *Mathis v. Hammond*, 268 Ga. 158, 160 (3) (486 SE2d 356) (1997). Accordingly, the trial court erred in disposing of Slosberg's claim of undue influence by summary judgment.

2. Slosberg also contends that the trial court erred in granting summary judgment to Giller and Seidner on their counterclaims for declaratory judgment, which sought a declaration that the documents at issue were not the product of mental incapacity or undue influence and were, therefore, valid and enforceable. As an initial matter, we note that "[t]he object of a declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated[,] . . . [and] declaratory judgment is not available to a party merely to test the viability of that party's defenses." (Citations and punctuation omitted.) *Atlanta Nat. League Baseball Club, Inc. v. F. F.*, 328 Ga. App. 217, 220-221 (761 SE2d 613) (2014). Furthermore, the trial court's declaratory judgment regarding the validity and enforceability of

5

documents at issue was based on its erroneous finding that there was no genuine issue of material fact with regard to Slosberg's claim of undue influence. See Division 1, infra. Accordingly, the trial court's declaratory judgment must also be reversed.

3. In their cross-appeal, Giller and Seidner contend that the trial court erred in awarding summary judgment to Slosberg on their counterclaims for tortious interference.

> The elements of a tortious interference claim are:
>
> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff[s]; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff[s].

(Footnote omitted.) *Tribeca Homes, LLC v. Marathon Inv. Corp.*, 322 Ga. App. 596, 598 (2) (745 SE2d 806) (2013). As to the first element of a tortious interference claim, to be "without privilege" means that the defendant is a stranger to the contract or business relationship. See *Cox v. City of Atlanta*, 266 Ga. App. 329, 332 (1) (596 SE2d 785) (2004). As to the second element, the term "malice" encompasses any act on the part of the defendant which constitutes unauthorized interference or interference without legal justification or excuse. See *Renden, Inc. v. Liberty Real Estate Limited Partnership III*, 213 Ga. App. 333, 334 (2) (444 SE2d 814) (1994).

7

(a) In regard to Giller and Seidner's claims that Slosberg tortiously interfered with the administration of the father's IRA and trust accounts, the issue of whether Slosberg acted without privilege and with malice in challenging the administration of the accounts depends upon the ultimate determination as to whether the father's changes in the beneficiaries of those accounts were the product of undue influence, which in this case is an issue for the trier of fact. As the validity and enforceability of the father's changes to his IRA and trust accounts have yet to be determined by the trier of fact, summary judgment as to these tortious interference claims was improper.

(b) In regard to Giller and Seidner's claim that Slosberg tortiously interfered with the administration of the father's agency account, the record shows that Slosberg is a beneficiary and, thus, cannot be liable for tortious interference. See generally *Atlanta Mkt. Ctr. Mgmt. Co. v. McLane*, 269 Ga. 604, 608-609 (2) (503 SE2d 278) (1998) (one who would benefit from a contract cannot be liable for tortious interference because he is not a stranger to the contract); *Lake Tightsqueeze, Inc. v. Chrysler First Financial Svs. Corp.*, 210 Ga. App. 178, 181 (5) (435 SE2d 486) (1993) (same). Accordingly, the trial court did not err in granting summary judgment to Slosberg on this tortious interference claim.

8

(c) Giller and Seidner also argue on appeal that Slosberg tortiously interfered with the performance of their duties under their powers of attorney and tortiously interfered with Seidner's employment.

However, Giller and Seidner did not assert such claims below, nor did the trial court address such claims in its ruling on summary judgment. Accordingly, we cannot consider these claims on appeal. See *Nash v. Studdard*, 294 Ga. App. 845, 849 (2) (670 SE2d 508) (2008).

*Judgment reversed in Case No. A17A0091; judgment affirmed in part and reversed in part in Case No. A17A0092. Dillard, P. J., and Self, J., concur.*